# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 1832 | **DATE** | 5/30/2012 |
| **CASE TITLE** | CHC Cobrasource, Inc vs. Mangrove Cobrasource, Inc et al | | |

**DOCKET ENTRY TEXT**

The Court denies Plaintiff Cobrasource's motion for authorization to deposit check tendered by Defendant [13].

■[ For further details see text below.]

Notices mailed by Judicial staff.

## STATEMENT

Plaintiff CHC Cobrasource, Inc. ("Cobrasource") filed this breach of contract action against Mangrove Cobrasource, Inc. ("Mangrove"), Mangrove Employer Services, Inc. ("Mangrove Employer"), Richard S. Cangemi ("Cangemi"), and Paul D. Zugay ("Zugay") (collectively, "Defendants") on January 30, 2012. On March 13, 2012, Defendants removed the case to federal court based on diversity jurisdiction. Before the Court is Cobrasource's self-styled "Motion for Authorization to Deposit Check Tendered by Defendant," which it has recharacterized as a motion for partial summary judgment. Because Cobrasource's motion is both flawed and premature, as explained below, the Court denies the motion.

### FACTUAL BACKGROUND

**I.      The Complaint**

Cobrasource's claims relate to a promissory note dated January 1, 2011 between Cobrasource and Mangrove (the "Promissory Note"). According to Cobrasource, the terms of the Promissory Note obligated Mangrove to pay Cobrasource $1,000,000.00 (the "Principal") and $50,000.00 in accrued interest (the "Interest") on December 31, 2011. (R. 6-1, Compl. ¶ 8 & Ex. A.) Cobrasource further alleges that on January 1, 2011, Mangrove Employer, Cangemi, and Zugay executed separate guaranty agreements, pursuant to which they "unconditionally, directly, and absolutely guarantee[d] the payment and performance" of Mangrove's obligations under the Promissory Note. (*Id.* ¶¶ 9-11 & Exs. B-D.)

| | Courtroom Deputy Initials: | KF |
|---|---|---|

Mangrove allegedly mailed a letter to Cobrasource on December 30, 2011 (the "Letter"), enclosing a check in the amount of $888,794.08 (the "Check"). (*Id.* ¶¶ 12-13 & Ex. E.) The Letter states that Cobrasource's negotiation of the Check will constitute an accord and satisfaction of the Promissory Note. (*Id.* ¶ 14.) Cobrasource has not negotiated the Check. (*Id.* ¶ 15.) Defendants have not paid the Principal and Interest to Cobrasource under the Promissory Note. (*Id.* ¶ 17.) Cobrasource accordingly seeks a judgment against Defendants, jointly and severally, of $1,050,000.00, plus interest that has accrued since December 31, 2011. (*Id.*, Prayer for Relief.) Cobrasource also seeks costs and attorney's fees. (*Id.*)

## II.     Cobrasource's Motion

On March 30, 2012, Cobrasource filed the present motion, in which it asks the Court to 1) deem the statements that Mangrove made in the Letter and the Check as an admission that it owes $888,794.08 to Cobrasource; and 2) authorize Cobrasource's negotiation of the Check "without waiver or prejudice to [Cobrasource's] ability to pursue any and all claims in equity or law it has against Defendants." (R. 13, Cobrasource's Mot. at 16; R. 24, Cobrasource's Reply at 1.) In its motion, Cobrasource did not identify any Federal Rule of Civil Procedure ("Rule") or other legal authority for its request. In its reply, however, Cobrasource asks the Court to "deem the Motion as a motion for partial summary judgment." (R. 24, Cobrasource's Reply at 4.) The Court granted Mangrove's request to file a sur-reply to address Cobrasource's late-asserted argument.[1] Although a party generally waives an argument that it raises for the first time on reply, Cobrasource did not do so here because Defendants had an opportunity to respond to the argument. *See Jordan v. City of Chicago*, No. 08 C 6902, 2012 WL 254243, at *4 n.1 (N.D. Ill. Jan. 27, 2012) (entertaining argument that the plaintiff raised for the first time on reply where the defendant had the opportunity to respond to the argument); *see also Moorehead v. Duetsche Bank AG*, No. 11 C 106, 2011 WL 4496221, at *5 (N.D. Ill. Sept. 26, 2011) (no waiver of arguments raised on reply where the court allowed sur-reply).

## LEGAL STANDARD

### I.     Rule 56

Summary judgment under Rule 56(a) is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). In deciding summary judgment motions, "facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380, 127 S. Ct. 1769, 167 L. Ed. 2d 686 (2007). The party seeking summary judgment has the burden of establishing that there is no genuine dispute as to any material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). After "a properly supported motion for summary judgment is made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'" *Anderson*, 477 U.S. at 250 (quotation omitted). "[D]istrict courts presiding over summary judgment proceedings may not weigh conflicting evidence or make credibility determinations, both of which are the province of the jury." *Omnicare, Inc. v. UnitedHealth Grp., Inc.*, 629 F.3d 697, 704-05 (7th Cir. 2011) (internal citations omitted).

---

[1] Defendants could have filed a motion under Rule 56(d), which "authorizes a district court to refuse to grant a motion for summary judgment or to continue its ruling on such a motion pending further discovery if the nonmovant submits an affidavit demonstrating why it cannot yet present facts sufficient to justify its opposition to the motion." *Woods v. City of Chicago*, 234 F.3d 979, 990 (7th Cir. 2000).

## II.     Northern District of Illinois Local Rule 56.1

Under Northern District of Illinois Local Rule 56.1 ("Local Rule 56.1"), the moving party must file "a statement of material facts as to which the moving party contends there is no genuine issue." *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 632 (7th Cir. 2009).  The purpose of Local Rule 56.1 is to permit the parties to identify the relevant admissible evidence supporting the material facts, not to make factual or legal arguments. *See Cady v. Sheahan*, 467 F.3d 1057, 1060 (7th Cir. 2006) (holding that a "statement of material facts did [ ] not comply with [Local] Rule 56.1 [because] it failed to adequately cite the record and was filled with irrelevant information, legal arguments, and conjecture").  District courts may rigorously enforce compliance with Local Rule 56.1. *See, e.g., Stevo v. Frasor*, 662 F.3d 880, 886-87 (7th Cir. 2011) ("Because of the high volume of summary judgment motions and the benefits of clear presentation of relevant evidence and law, we have repeatedly held that district judges are entitled to insist on strict compliance with local rules designed to promote the clarity of summary judgment filings").

## ANALYSIS

## I.     Cobrasource's Motion Fails to Comply with Local Rule 56.1

Cobrasource patently failed to comply with Local Rule 56.1, which alone provides a sufficient basis for the Court to deny its motion. *See id.* at 887 ("[I]t is clear that the decision whether to apply [Local Rule 56.1] strictly or to overlook any transgression is one left to the district court's discretion.") (citing *Little v. Cox's Supermarkets*, 71 F.3d 637, 641 (7th Cir. 1995)).  Indeed, Cobrasource did not even identify its motion as one for summary judgment until its reply brief.  Even then, it did not file a Rule 56.1 statement of facts or any evidence in support of its motion.  Instead, it asks the Court to convert its Verified Complaint, which it filed in the Nineteenth Judicial Circuit in Lake County, Illinois, into a sworn affidavit in support of its motion.[2]  The merits of Cobrasource's argument are questionable, given that the Verification attached to the Verified Complaint does not indicate that the signator, Mr. John Blaida, signed it under oath in the presence of an officer authorized to administer an oath, nor did he sign it under penalty of perjury. *See Hancock v. Broullard*, No. 10 C 6703, 2011 WL 5141510, at *5 (N.D. Ill. Oct. 25, 2011) ("An affidavit is admissible in a summary judgment proceeding only if it is sworn to before an officer authorized to administer an oath, such as a notary public.") (citing *Pfeil v. Rogers*, 757 F.2d 850, 859 (7th Cir. 1985)); 28 U.S.C. § 1746 (providing that unsworn declarations signed and dated under penalty of perjury have the same force and effect as an affidavit).  Even if the Court were to treat the Verified Complaint as a sworn affidavit, however, it would not resolve Cobrasource's failure to file and cite to a Local Rule 56.1 statement of facts in support of its motion. *See LaSalvia v. City of Evanston*, 806 F. Supp. 2d 1043, 1046 (N.D. Ill. 2011) (disregarding citations to the record in the parties' legal memoranda that do not reference their Local Rule 56.1 statements of fact) (citing *Malec v. Sanford*, 191 F.R.D. 581, 586 (N.D. Ill. 2000)).

## II.     Cobrasource's Motion for Summary Judgment is Premature

In any event, Cobrasource's motion is premature.  This case is in its early stages, and the parties have not had an opportunity to conduct discovery. *See Grayson v. O'Neill*, 308 F.3d 808, 815 (7th Cir. 2002) ("Summary

---

[2] Cobrasource's suggestion that the Court should apply Illinois Rule of Civil Procedure Section 1-109, 735 ILCS 5/1-109, to this diversity action is misplaced. *See Fidelity Nat. Title Ins. Co. of New York v. Intercounty Nat'l Title Ins. Co.*, 412 F.3d 745, 750 (7th Cir. 2005) ("The Federal Rules of Civil Procedure, not state procedural rules, govern in diversity, as they do in federal-question, cases in federal district courts.") (citing cases).

judgment should not be entered until the party opposing the motion has had a fair opportunity to conduct such discovery as may be necessary to meet the factual basis for the motion.") (internal quotations omitted); *see also Central Contracting, Inc. v. Kenny Constr. Co.*, No. 11 C 9175, 2012 WL 832842, at \*3 (N.D. Ill. Mar. 12, 2012) (denying motion for summary judgment in breach of contract action where the parties had not yet engaged in discovery). In their Joint Initial Status Report, the parties indicated that they anticipate the use of both written and oral discovery, including approximately six to eight depositions. (R. 20, ¶ 2(b).) Indeed, they have agreed to stay discovery pending the Court's ruling on Defendants' pending motion to dismiss for improper venue. (R. 21.) Moreover, because Defendants' motion to dismiss is currently pending, they have not yet answered the Complaint, nor have they had an opportunity to assert any affirmative defenses or counterclaims they may have. The Court agrees with Defendants that granting Cobrasource's motion at this early stage, which inherently requires a finding on the merits, will cause substantial prejudice to Defendants by depriving them of the opportunity to conduct discovery and to assert affirmative defenses and counterclaims.

Not only has Cobrasource failed to establish that there is no genuine dispute as to any material fact, *see Celotex Corp.*, 477 U.S. at 323, it is also apparent from the parties' briefing that the facts, at least at this stage in the litigation, are far from uncontested. Specific to Cobrasource's present motion, the parties vehemently dispute whether the Letter and Check constitute an admission that Mangrove owes $888,794.08 to Cobrasource. The Court cannot make that determination without resolving factual disputes, which again is improper at this early stage in the litigation.

## CONCLUSION

For the reasons set forth above, the Court denies Cobrasource's motion.