Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 1832 | **DATE** | 6/11/2012 |
| **CASE TITLE** | CHC Cobrashource, Inc et al vs. Mangrove Cobrasource, Inc et al | | |

**DOCKET ENTRY TEXT**

Defendants' Rule 12(b)(3) motion [17] is denied. Defendants must answer the Complaint or otherwise plead, consistent with the applicable rules, by 7/2/12. Status hearing set for 8/7/12 is stricken and reset to 7/13/12 at 8:30 a.m.

■[ For further details see text below.]

Notices mailed by Judicial staff.

## STATEMENT

Plaintiff CHC Cobrasource, Inc. ("Cobrasource") filed this breach of contract action against Mangrove Cobrasource, Inc. ("Mangrove"), Mangrove Employer Services, Inc. ("Mangrove Employer"), Richard S. Cangemi ("Cangemi"), and Paul D. Zugay ("Zugay") (collectively, "Defendants") on January 30, 2012. On March 13, 2012, Defendants removed the case to federal court based on diversity jurisdiction. Before the Court is Defendants' motion to dismiss for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3). For the reasons set forth below, the Court denies the motion.

### BACKGROUND

**I.      The Complaint**

Cobrasource's claims relate to a promissory note dated January 1, 2011 between Cobrasource and Mangrove (the "Promissory Note"). According to Cobrasource, the terms of the Promissory Note obligated Mangrove to pay Cobrasource $1,000,000.00 (the "Principal") and $50,000.00 in accrued interest (the "Interest") on December 31, 2011. (R. 6-1, Compl. ¶ 8 & Ex. A.) Cobrasource alleges that on January 1, 2011, Mangrove Employer, Cangemi, and Zugay executed separate guaranty agreements with Cobrasource, pursuant to which they "unconditionally, directly, and absolutely guarantee[d] the payment and performance" of Mangrove's obligations under the Promissory Note (collectively, the "Guaranties"). (*Id.* ¶¶ 9-11 & Exs. B-D.)

| | Courtroom Deputy Initials: | KF |
|---|---|---|

12C1832 CHC Cobrashource, Inc et al vs. Mangrove Cobrasource, Inc et al

Page 1 of 5

On December 30, 2011, Mangrove allegedly mailed a letter to Cobrasource (the "Letter"), enclosing a check in the amount of $888,794.08 (the "Check"). (*Id.* ¶¶ 12-13 & Ex. E.) The Letter states that Cobrasource's negotiation of the Check will constitute an accord and satisfaction of the Promissory Note. (*Id.* ¶ 14 & Ex. E.) Cobrasource has not negotiated the Check. (*Id.* ¶ 15.) Mangrove has not paid the Principal and Interest to Cobrasource under the Promissory Note. (*Id.* ¶ 17.) Cobrasource alleges claims for "collection of loan" and breach of contract, and seeks a judgment against Defendants, jointly and severally, of $1,050,000.00, plus interest that has accrued since December 31, 2011. (*Id.*, Prayer for Relief.) Cobrasource also seeks costs and attorney's fees. (*Id.*)

## II.     The Forum Selection Clauses

The Promissory Note, which is attached to Cobrasource's Complaint, contains a forum selection clause. (R. 6-1, Ex. A ¶ 17.) That clause provides as follows:

> **Choice of Law; Forum Selection; Consent to Jurisdiction.** This Note shall be governed by, construed and interpreted in accordance with the laws of the State of Illinois (excluding the choice of law rules thereof). [Mangrove] hereby (a) agrees that all disputes and matters arising under, in connection with, or incident to the enforcement of this Note shall be litigated, if at all, in and before a state or federal district court located in the State of Illinois to the exclusion of the courts of any other state or country, and (b) irrevocably submits to the non-exclusive jurisdiction of any Illinois court or federal court sitting in the State of Illinois in any action or proceeding arising out of or relating to the enforcement of this Note, and hereby irrevocably waives any objection to the laying of venue of any such action or proceeding in any such court and any claim that any such action or proceeding has been brought in an inconvenient forum. A final judgment in any such action or proceeding shall be conclusive and may be enforced in any other jurisdiction by suit on the judgment or in any other manner provided by law. [Mangrove] acknowledges that for purposes of [Cobrasource] enforcing its rights to collect unpaid Obligations, the provisions of this paragraph take precedence over any contrary provisions of the Asset Purchase Agreement.

(*Id.*) The Guaranties similarly contain forum selection clauses, which provide, in relevant part, as follows:

> **Choice of Law; Forum Selection; Consent to Jurisdiction**. This Guaranty shall be governed by, construed and interpreted in accordance with the laws of the State of Illinois (excluding the choice of law rules thereof). Guarantor hereby (a) agrees that all disputes and matters whatsoever arising under, in connection with, or incident to this Guaranty shall be litigated, if at all, in and before a court located in the State of Illinois to the exclusion of the courts of any other state or country, and (b) irrevocably submits to the non-exclusive jurisdiction of any Illinois court or federal court sitting in the State of Illinois in any action or proceeding arising out of or relating to this Guaranty, and hereby irrevocably waives any objection to the laying of venue of any such action or proceeding in any such court and any claim that any such action or proceeding has been brought in an inconvenient forum.

(R. 6-1, Exs. B-D ¶ 17.) The forum selection clauses in the Guaranties are identical.

Cobrasource and Mangrove entered into an Asset Purchase Agreement (the "Agreement") on December 30, 2010, pursuant to which Cobrasource sold certain assets to Mangrove. The Agreement contains the following forum selection clause:

**Governing Law**.  The validity, construction, enforcement and interpretation of this Agreement shall be governed by the substantive laws of the State of Florida, without application of its conflicts of law principles, and the United States of America.  Any action, suit, or Proceeding arising out of this Agreement shall be brought in the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida, or in the United States District Court for the Middle District of Florida, Tampa Division, and each party irrevocably consents to and submits to the jurisdiction of those courts, and irrevocably waives any objection which such party now or hereafter may have to the institution of any such suit, action or proceeding in those courts, and further irrevocably waives any defense or claim that such suit, action, or proceeding in any such court has been brought in an inconvenient forum or improper venue.  Notwithstanding the foregoing, interpretation of the promissory note and the personal guaranties identified in section 4(b) shall be governed by Illinois law, and enforcement of the promissory note, personal guaranties, and the unpaid balance of the Purchase Price described in section 4(c) shall be in a court of proper jurisdiction in Illinois.

(R. 18-1, Agreement ¶ 22.)

## LEGAL STANDARD

The Seventh Circuit has held that a motion to dismiss based on a forum selection clause is properly brought as a motion to dismiss for improper venue under Federal Rule of Civil Procedure ("Rule") 12(b)(3).[1]  *See Automobile Mechs. Local 701 Welfare & Pension Funds v. Vanguard Car Rental USA, Inc.*, 502 F.3d 740, 746 (7th Cir. 2007).  In considering such a motion, courts may examine facts outside the complaint.  *Faulkenberg v. CB Tax Franchise Sys., LP*, 637 F.3d 801, 809-10 (7th Cir. 2011); *Continental Cas. Co. v. American Nat'l Ins. Co.*, 417 F.3d 727, 733 (7th Cir. 2005).  Courts must, however, accept as true all uncontroverted allegations and must resolve any factual conflicts in the plaintiff's favor.  *See Faulkenberg*, 637 F.3d at 806; *Rotec Indus., Inc. v. Aecon Grp., Inc.*, 436 F. Supp. 2d 931, 933 (N.D. Ill. 2006).

## ANALYSIS

Here, Defendants argue that venue in Illinois is improper because Cobrasource's claims require the Court to interpret certain terms of the Agreement, which contains a forum selection clause mandating that the parties litigate disputes arising out of the Agreement in Florida.  Cobrasource, on the other hand, argues that the forum selection clauses in the Promissory Note and Guaranties control, and they preclude Defendants from objecting to venue in Illinois.  Neither party contests the validity of the Agreement, Promissory Note, or Guaranties, nor do they contest the enforceability of the forum selection clauses contained in those contracts.  Therefore, the sole question before the Court is which forum selection clause governs in this dispute.

---

[1]  At least one court in this District has questioned whether dismissal under Rule 12(b)(3) on the basis of a forum selection clause is proper in light of *In re LimitNone, LLC*, 551 F.3d 572, 575-76 (7th Cir. 2008).  *See Schwartz v. Sellers Mkts., Inc.*, 812 F. Supp. 2d 932, 939-943 (N.D. Ill. 2011).  In *LimitNone*, the court held that where venue is proper under 28 U.S.C. § 1391, a forum selection clause specifying venue in a different forum does not render venue "wrong" for purposes of 28 U.S.C. § 1406(a).  551 F.3d at 575-76.  The Court, however, need not consider that issue because, for reasons that do not implicate *LimitNone*, dismissal is not warranted here.

## I.    Cobrasource's Claims Arise Out of the Promissory Note

To determine whether Cobrasource's claims arise out of the Promissory Note or the Agreement, the Court looks to Cobrasource's Complaint, in which it asserts two claims. In Count I, which is titled "Collection of Loan," Cobrasource seeks a judgment and order requiring Defendants, jointly and severally, to pay the Principal and Interest due under the Promissory Note as well as the interest that has accrued on that amount since December 31, 2011. (R. 6-1, Compl. ¶¶ 7-18.) In Count II, Cobrasource alleges that Mangrove has breached the Promissory Note by failing to pay the Principal and Interest. Cobrasource seeks the same relief in Count II as it does in Count I. (*Id.* ¶¶ 19-28.) In short, Cobrasource's action seeks to enforce the Promissory Note and the Guaranties.

Defendants' argument that Cobrasource's claims arise out of the Agreement is unpersuasive. The Agreement, which Cobrasource did not mention in its Complaint, comes into play by virtue of Defendants' defense to Cobrasource's claims–namely, that Defendants are not obligated to pay the entire amount of the Principal and Interest because of certain terms in the Agreement.[2] Specifically, Defendants argue that they are entitled to deduct a "true up" amount, as that term is defined in the Agreement, from the amount due under the Promissory Note. As such, Defendants contend that the Court cannot decide Cobrasource's claims without interpreting the "true up" provision of the Agreement, and therefore the forum selection clause in the Agreement–which provides for venue in Florida–controls. Cobrasource, for its part, disputes that the Agreement's terms alter Mangrove's obligations under the Promissory Note, and contends that its claims arise solely out of the Promissory Note and Guaranties. Even if the Court will need to interpret and construe certain of the Agreement's terms to determine whether Mangrove has breached the Promissory Note, it does not alter the fact that Cobrasource's claims seek to enforce the Promissory Note and Guaranties.

## II.   The Forum Selection Clauses in the Promissory Note and Guaranties Apply, and Venue in This Court Is Proper

Defendants agreed, by signing the Promissory Note and the Guaranties, to litigate issues related to the enforcement of those contracts in Illinois. *See Faulkenberg*, 637 F.3d at 809 ("In Illinois[,] a party to a contract is charged with knowledge of and assent to a signed agreement.") (citing, among other cases, *Melena v. Anheuser-Busch, Inc.*, 219 Ill.2d 135, 301 Ill. Dec. 440, 847 N. E. 2d 99, 108 (2006)). Specifically, Mangrove expressly agreed that "all disputes and matters arising under, in connection with, or incident to the *enforcement* of" the Promissory Note would be litigated in Illinois. (R. 6-1, Ex. A ¶ 17 (emphasis added).) Likewise, Mangrove Employer, Cangemi, and Zugay agreed that "all disputes and matters whatsoever arising under, in connection with, or incident to" their respective Guaranty would be litigated in Illinois. (R. 6-1, Exs. B-D ¶ 17.)

Indeed, the Promissory Note and the Agreement both reflect that Mangrove and Cobrasource contemplated a potential conflict between the forum selection clauses therein, and agreed that in cases where Cobrasource sought to enforce its right to collect payments from Mangrove, the forum selection clause in the Promissory Note would apply, to the exclusion of the forum selection clause in the Agreement. In particular, the forum selection clause in Promissory Note provides that "for the purposes of [Cobrasource] enforcing its rights to collect unpaid Obligations, the provisions of this paragraph take precedence over any contrary provisions of the [Agreement]." (R. 6-1, Ex. A ¶ 17.) The Promissory Note defines "Obligations" as "the full and punctual observance and performance of all present and future duties, covenants and responsibilities due to [Cobrasource]

---

[2] Due to the pendency of this motion, Defendants have not yet answered the Complaint. From their briefing on this motion and a previous motion (*see* R. 22), it appears that Defendants intend to assert a defense based on the terms of the Agreement.

by [Mangrove] under the provisions of this Note, any guaranty and the payment of the Purchase Price set forth in Section 4 of the Asset Purchase Agreement dated December 30, 2010 ('Asset Purchase Agreement') (extending to the Principal Amount and all interest, fees, late charges, expense payments, liquidation costs, and attorneys' fees and expenses), now due or to become due." (*Id.* ¶ 7.)  The Agreement contains a similar provision.  It provides that "enforcement of the promissory note, personal guaranties, and the unpaid balance of the Purchase Price described in section 4(c) [of the Agreement] shall be in a court of proper jurisdiction in Illinois."  (R. 18-1, Agreement ¶ 22.)

The plain language of the Promissory Note and the Agreement unambiguously demonstrates the parties' understanding that actions to enforce Mangrove's payment obligations under the Promissory Note would be brought in Illinois and not Florida.  *See In re Comdisco, Inc.*, 434 F.3d 963, 967 (7th Cir. 2006) ("Contractual language can be bent when necessary to avoid absurd or even commercially unreasonable results.  But the literal reading happens in this case to be the reasonable one.") (citing Illinois law; internal citations omitted); *accord Storfer v. Guarantee Trust Life Ins. Co.*, 666 F.3d 1277, 1279 (11th Cir. 2012) ("When contract language is unambiguous, a court should 'give the plain language in the contract the meaning it clearly expresses.'") (quoting *N. Pointe Cas. Ins. Co. v. M & S Tractor Servs., Inc.*, 62 So. 3d 1281, 1282 (Fla. Dist. Ct. App. 2011)).

## CONCLUSION

The parties agreed that actions to enforce Defendants' payment obligations under the Promissory Note and Guaranties would be litigated, if at all, in Illinois.  Because Cobrasource's action seeks to enforce such obligations, venue in this Court is proper.  Accordingly, the Defendants' Rule 12(b)(3) motion is denied.  Defendants must answer the Complaint or otherwise plead, consistent with the applicable rules, by July 2, 2012.